# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE BERRY, o/b/o M.E.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **NO. 09-4390** |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

**DuBOIS, J.**                      **February 2, 2011**

**M E M O R A N D U M**

## I. INTRODUCTION

In this action, plaintiff M.E., by and through her mother, Denise Berry, seeks review of the Social Security Commissioner's final decision denying her claim for Supplemental Security Income ("SSI"). The Court referred the case to United States Magistrate Judge Timothy R. Rice for a Report and Recommendation ("R & R"). Magistrate Judge Rice issued an R & R on August 26, 2010, recommending that plaintiff's request for review be denied. Plaintiff filed timely Objections to the R & R, which are presently before the Court. The Court approves and adopts the R & R as supplemented in this Memorandum and denies plaintiff's Request for Review. The Court writes only to explain its decision to overrule plaintiff's Objections.

## II. BACKGROUND AND STANDARD OF REVIEW

The background of this case and the applicable standard of review are set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address the issues

presented by plaintiff's Objections. In assessing the Objections, the Court must evaluate de novo those portions of the R & R to which objection has been made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## III. DISCUSSION

Plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge's ("ALJ") decision denying her SSI benefits was supported by "substantial evidence." Specifically, the ALJ found that M.E.'s disabilities – Attention Deficit Hyperactive Disorder, Oppositional Defiant Disorder and bilateral hearing loss – did not "meet, medically equal, or functionally equal" an impairment already designated by regulation as sufficient for the collection of SSI. 20 C.F.R. § 416.924(d)(2).

The crux of plaintiff's Objections is that the ALJ erred because he did not make explicit findings about the extent to which the support services plaintiff received,[1] including 25 hours a week of in-school assistance from a therapeutic support staff ("TSS") worker, helped blunt the effects of her disabilities. Defendant responds that the ALJ is not required to make such explicit findings, but simply to demonstrate consideration of the evidence presented. The Court concludes that the defense is correct and overrules the Objections.

The parties' dispute is based on a regulation, 20 C.F.R. § 416.924a(b)(5)(iv)(C), which reads:

> A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but

---

[1] These services are formally known as "wraparound services." The term is defined in the R & R. (See R & R at 2 n.4.)

> your signs, symptoms, and functional limitations may worsen outside this type of setting. Therefore, we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting. Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting.

Contrary to plaintiff's assertions, "[t]he regulation does not command the ALJ to explicitly discuss his consideration of these factors in the decision." Turner v. Barnhart, No. 05-3509, 2006 WL 2460876, at *3 (E.D. Pa. Aug. 21, 2006); see also Watson ex rel. K.L.W. v. Astrue, No. 07-CV-6417T, 2008 WL 3200240, at *5 (W.D.N.Y. Aug. 5, 2008). As a general matter, the Third Circuit has held that an ALJ need only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

In this case, while the ALJ did not make specific findings regarding support services, he did cite to letters from plaintiff's in-school TSS worker and two of her teachers. (See R.15 (citing, inter alia, Exs. 18F, 24F, 26F).) As the Magistrate Judge noted, the letters describe, inter alia, the extent to which the support services M.E. received helped her succeed in school. The citations demonstrate that the ALJ considered the relevant evidence, as required by the regulation, even absent explicit findings. Accordingly, plaintiff's Objections to the Magistrate Judge's conclusion that the ALJ's decision was supported by "substantial evidence" is overruled.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's Objections are overruled, the R & R is approved and adopted as supplemented in this Memorandum and plaintiff's Request for Review is denied. An appropriate order follows.